IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


GILBERT LOPEZ AND HERBERTA LOPEZ,

     Plaintiff,

v.                                      CIV. No. 17-0337 MCA/KBM

BURSEY AND ASSOCIATES, P.C., and
BRYAN THOMASON

     Defendants.


## DISCOVERY ORDER

THIS MATTER came before the Court for a discovery conference on October 27, 2017. Having heard the arguments of counsel as to Plaintiffs' Motion to Compel Defendants Bursey and Associates, P.C. and Bryan Thomason to Respond to Plaintiffs' First Sets of Discovery ("First Motion to Compel") (*Doc. 34*) and Defendants' Motion to Stay Discovery, to Vacate and Reset Case Management Deadlines, Including the Settlement Conference, and for Protective Order ("Motion to Stay and Vacate") (*Doc. 46*), the Court provided certain rulings and rationale, which it incorporates herein.

Plaintiffs, in their First Motion to Compel, ask the Court to compel responses to various discovery requests, many of which seek information related to Defendants' filing of debt collection actions in New Mexico state court against parties *other than Plaintiffs* but which contain the same prayer for relief that is the subject of this litigation. In the interest of promoting proportionality and in observance of Federal Rule of Civil Procedure

1, which requires the Court to construe, administer, and employ all rules of civil procedure to secure a "just, speedy, and inexpensive determination," the Court finds that only limited discovery should be permitted with respect to these "other cases" at this time.[1] Accordingly, the Court will require Defendants to provide and verify, in advance of the November 6, 2017 Settlement Conference, statistical information concerning these "other cases," to include the number of complaints filed by Defendants which contained the same prayer for relief, the time period during which each complaint was filed, and, if already calculated by Defendants, the difference between the attorney fees awarded and those arguably allowable pursuant to the relevant contracts. Moreover, Defendants should provide proper verification of the additional statistical information provided to Plaintiffs and the Court at the October 27, 2017 discovery conference.

Given the pending Motion for Judgment on the Pleadings, in which Defendants seek dismissal of Plaintiffs' common law tort claims (i.e. the only claims which would support a claim for punitive damages), the Court finds Plaintiffs' request for disclosure of Defendants' financial information to be premature. The Court will deny Plaintiffs' First Motion to Compel in this regard but will revisit this issue if the presiding judge denies Defendants' Motion for Judgment on the Pleadings.

The Court will reserve ruling on the balance of Plaintiffs' First Motion to Compel until after the November 6, 2017 settlement conference.

---

[1] The Court indicated that it would revisit this ruling and the scope of discovery if the presiding judge denies Defendants' Motion for Judgment on the Pleadings (*Doc. 35*).

As to Defendants' Motion to Stay and Vacate, the Court will deny Defendants' request to vacate the settlement conference and will defer ruling on Defendants' request for a protective order and for an extension or stay of pretrial deadlines until after the parties' settlement conference.

**IT IS SO ORDERED.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE